UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X                NOT FOR PUBLICATION
WILLIAM R. MILLER

                                                                               MEMORANDUM AND
                                   Plaintiff,                            ORDER

                 -against-                                 04-CV-3223 (CBA)

GAIL A. NORTON, Secretary of the UNITED
STATES DEPARTMENT OF INTERIOR,

                                   Defendant
------------------------------------------------------------X
AMON, United States District Judge:

       Plaintiff William Miller, through counsel, brought this employment discrimination action based on events taking place during his employment with the United States Department of Interior ("DOI") at Gateway National Recreational Area. By Memorandum and Order dated March 31, 2008 (the "3/31/08 Order"), the Court granted DOI's motion for summary judgment and dismissed Miller's claims in their entirety, and the Clerk of the Court entered judgment and closed this case the same day. Apparently, after being served with the 3/31/08 Order, Miller's counsel notified Miller by letter of the Court's decision and withdrew from any further representation. Counsel further informed Miller that he could either appeal or seek reconsideration in this Court. Miller, now proceeding *pro se*, chose the latter, filing a motion for reconsideration on April 16, 2008. For the reasons that follow, the motion is denied.

I.     Discussion

       The reader is referred to the 3/31/08 Order for the pertinent procedural and factual background. Miller's motion for reconsideration contains nine numbered "items" stating the grounds on which he moves. Items 1, 2, and 7 contain certain grievances regarding Miller's

counsel's actions on Miller's behalf in connection with this action. Item 4 suggests that the Court overlooked a certain piece of evidence in dismissing Miller's claims. Finally, items 3, 5, 6, 8, and 9 are a miscellaneous set of grievances that either repeat arguments already decided by the Court in the 3/31/08 Order, bring entirely new claims against DOI, or attempt to clarify what Miller perceived to be the Court's misunderstanding of a legally inoperative fact. The Court will briefly address Miller's arguments.[1]

Miller has failed to cite a procedural basis for his motion. However, he has filed his motion twelve business days after the entry of the 3/31/08 Order and corresponding judgment. Accordingly, a motion pursuant to Federal Rule of Civil Procedure 59(e) and/or Local Rule 6.3, which must be made within ten business days of the challenged order of judgment, would be untimely. Therefore, his motion will be treated as one made pursuant to Federal Rule of Civil Procedure 60(b), which must be made either within one year or a "reasonable time", depending on the subsection employed. See U.S. v. Clark, 984 F.2d 31, 32 (2d Cir. 1993); Watson v. United States, No. 04 Civ. 2222, 2005 WL 356813, at *1 (S.D.N.Y. Feb. 14, 2005).[2]

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding." A Rule 60(b) motion must be made on one of "five narrow and specific grounds or on a sixth ground, which, despite its open wording, has been narrowly cabined by the precedent of th[e

---

[1] In so doing, the Court is aware of its duty to read Miller's papers liberally, as raising the strongest arguments that they suggest. See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

[2] Even if Miller's motion were timely brought pursuant to Local Civil Rule 6.3 and/or Federal Rule 59(e), it would nevertheless fail to meet their "strict" requirements and be denied. See Herschaft v. New York City Campaign Finance Board, 139 F. Supp. 2d 282, 283-84 (E.D.N.Y. 2001) (discussing the standard and collecting cases).

Second Circuit]." Harris v. United States, 367 F.3d 74, 80 (2d Cir. 2004). Those grounds are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); see also Harris 367 F.3d at 80. "A [Rule 60(b) motion] is generally not favored and is properly granted only upon a showing of exceptional circumstances." United States v. Int'l Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citing Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d Cir. 1994) and Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). "The burden of proof is on the party seeking relief from judgment." Id.

A.   Items 1, 2, and 7

In items one and seven, Miller complains of the fact that, at oral argument, his counsel stated, on the record, that Miller was not pursuing any Title VII claims for racial discrimination or for retaliation for exercising his Title VII rights. He claims that he was not consulted regarding this waiver and did not intend to waive these rights.[3] Item 2 states that Miller did not submit a letter dated July 29, 2005, withdrawing his second, fourth, sixth, and eighth claims for relief, which had been based on New York State law, nor did he receive the Court's August 8, 2005 Order deeming those changes incorporated into the Second Amended Complaint. Because Miller's counsel clearly did write a July 29, 2005 letter withdrawing those claims for relief, see Docket Entry # 29, and the Court did file the 8/8/05 Order, both of which remain available on the

---

[3]While the Court noted Counsel's Title VII waivers in its 3/31/08 Order, it also went on to reject the Title VII claims on the merits. Thus, Miller suffered no prejudice as a result of counsel's waivers.

-3-

Court's ECF system, the Court construes this item liberally as complaining of counsel's failure to consult with Miller regarding the substance of these changes to the complaint.

Although Miller has not identified which subsection of Rule 60(b) he is moving under–in fact, as is noted above, Miller has failed to cite any procedural basis for his motion–complaints regarding counsel's representation are analyzed under Rule 60(b)(6), which allows for reconsideration for any reason not specifically enumerated in the other subsections of the Rule. See Harris, 367 F.3d at 80-81. While drafted broadly, Rule 60(b)(6)'s scope is very narrow. "It is well established ... that a 'proper case' for Rule 60(b)(6) relief is only one of 'extraordinary circumstances' ... or 'extreme hardship.'" United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) (internal citations omitted) (quoting Ackerman v. United States, 340 U.S. 193, 199 (1950) and United States v. Karahalias, 205 F.2d 331, 333 (2d Cir. 1953)); see also Harris, 367 F.3d at 81 (quoting Cirami). "In typical civil proceedings, [the Second Circuit] *very* rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct." Harris, 367 F.3d at 81 (citing Cirami, 563 F.2d at 32) (emphasis in original). "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." Id. (internal citations omitted) (citing Vindigni v. Meyer, 441 F.2d 376 (2d Cir. 1971) and Cirami, 563 F.2d at 34-35). As the Harris court noted, the underlying rationale for this rule can be found in Link v. Wabash R.R. Co., 370 U.S. 626 (1962), in which Justice Harlan wrote for the Court, affirming a district court's decision to dismiss a case *sua sponte* for failure to prosecute:

> "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the

> client. Petitioner voluntarily choose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney."

Harris, 367 F.3d at 81 (quoting Link, 370 U.S. at 633-34).

In this case, none of Miller's three "items" provides grounds for 60(b)(6) relief on the ground that counsel constructively abandoned Miller. Quite to the contrary, for three years counsel diligently pursued claims that were either likely procedurally barred or unmeritorious, or both. Counsel wrote a cogent opposition to DOI's motion for summary judgment and ably presented these points to the Court at oral argument. The mere fact that counsel did waive some claims–which, in any event were meritless–does not amount to constructive abandonment of Miller's action. Accordingly, Rule 60(b)(6) relief on the basis of counsel's actions in representing Miller in this case is denied.

### B. Item 4

In Miller's fourth item in support of his motion for reconsideration, he claims that he submitted an amended complaint to the EEOC which included claims for actions taken after March 20, 2000, the date of his original EEOC Complaint. He states that after his EEOC Complaint was re-opened in March of 2002, he received a letter from Diane Spriggs, an employee of the EEOC, asking him if there were any other issues that he wanted to be investigated, and that he responded with a letter seeking to amend his EEOC Complaint. Although, once again, Miller fails to identify the appropriate Federal Rule of Civil Procedure, in this item he presents additional evidence, and analysis pursuant to Rule 60(b)(2) is therefore appropriate. See State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d

158, 178 (2d Cir. 2004) ("Where a claim 'sounds very much like a claim regarding newly discovered evidence,' the claim is 'controlled by 60(b)(2)' and should not be labeled as if brought under a different provision of Rule 60(b).") (quoting Kalamazoo River Study Group v. Rockwell Int'l Corp., 355 F.3d 574, 588 (6th Cir. 2004)); see also Int'l Brotherhood of Teamsters, 247 F.3d at 391-92 (claim that was properly considered under Rule 60(b)(2) could not be brought pursuant to the catch-all provision of Rule 60(b)(6)).

A party moving for reconsideration on the basis of newly discovered evidence "has an onerous standard to meet." Int'l Brotherhood of Teamsters, 247 F.3d at 392; see also Boxill v. Brooklyn College, No. CV-96-561, 2003 WL 21554498, at *4 (E.D.N.Y. July 10, 2003). A four-pronged showing is required: "The movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." Int'l Brotherhood of Teamsters, 247 F.3d at 392 (internal quotations and alteration omitted); see also State Street Bank and Trust Co., 374 F.3d at 178; Martal Cosmetics, Ltd. v. Int'l Beauty Exchange, No. CV 01-7595, 2007 WL 2126091, at *5 (E.D.N.Y. July 24, 2007); Boxill, 2003 WL 21554498, at *4.

"Evidence is 'newly discovered' within the rule's meaning if it existed at the time of the challenged order and the moving party learned of its existence only after judgment was entered." Martal Cosmetics, Ltd., 2007 WL 2126091 at *5; see also Johnson v. Askin Capital Mgmt., L.P., 202 F.R.D. 112, 114 (S.D.N.Y. 2001); Boxill, 2003 WL 21554498, at *4. Accordingly, "relief is unavailable to a movant who concedes that the evidence was discoverable before the entry of

judgment." Martal Cosmetics, Ltd., 2007 WL 2126091 at *5; see also Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) (Rule 60(b) motion denied where "[t]here was no indication that [the movant] could not have discovered this evidence earlier."); Boxill, 2003 WL 21554498, at *4; Sumter v. Babbitt, No. 96 CV 0510, 1999 WL 1011946, at *1 (E.D.N.Y. Sept. 30, 1999). Thus, it is beyond cavil that evidence that was actually in the possession of the movant prior to the challenged order or judgment cannot form the basis for a 60(b) motion. See Johnson, 202 F.R.D. at 114 ("Evidence is not 'newly discovered' if it was in the moving party's possession prior to the entry of judgment."); Boxill, 2003 WL 21554498, at *4 ("[U]nder Rule 60(b), the new evidence must have existed at the time of the decision, but if it was in the possession of the party before the judgment or order was rendered it is not newly discovered and does not entitle the party to relief.") (internal quotations and alteration omitted); Martal Cosmetics, Ltd., 2007 WL 2126091, at *5 (motion denied because the movants were in possession of the evidence and did not present it to the Court until the Rule 60(b) motion).

Here, Miller asserts that there is a letter he wrote to the EEOC amending his complaint, and therefore that the Court erred in concluding that only two timely claims, the ones found in the March 30, 2000 Complaint, were formally presented to the EEOC. This alleged subsequent letter, in which Miller claims to have amended the complaint, was not presented to the Court as an exhibit attached to Miller's Local Rule 56.1 statement or otherwise, nor was it mentioned by Miller's counsel. Quite to the contrary, Miller's counsel conceded at oral argument that the lone EEOC Complaint was the one Miller filed on March 30, 2000.[4] (9/12/07 Transcript at 13.)

---

[4]In the exhibits attached to the plaintiff's Rule 56.1 statement, the Court did discover a letter written by Miller and sent to Administrative Judge Kevin J. Berry, dated April 2, 2003. In that letter Miller refers to this response to Sprigs in which he attempted to amend his EEOC Complaint to add claims based on events occurring after March of 2000. However, the Court

-7-

Moreover, while Miller finally mentions this letter now, he has not provided a copy, thus the Court has still never seen this alleged amendment to the EEOC Complaint. But even assuming that Miller had now established its existence (and contents), it could not provide the basis for 60(b)(2) relief. Since Miller states that he wrote the letter himself, he has conceded that it has at least been discoverable, if not in his possession, since the commencement of this litigation. Accordingly, it is not "newly discovered" within the meaning of Rule 60(b)(2) and the applicable case law, and reconsideration on this ground is denied.

### C. Items 3, 5, 6, 8, and 9

Finally, Miller's items 3, 5, 6, 8, and 9 present a variety of miscellaneous arguments that are summarily rejected. Item 3 attempts to take issue with the Court's observation that the text of Miller's March 30, 2000 letter, which served as the basis for his EEOC Complaint, was unclear as to his complaint regarding his pay grade when he was appointed on December 4, 1999. Miller's argument is beside the point, because whatever the exact nature of this particular claim, as the Court explained in the 3/31/08 Order, it is untimely because the March 30, 2000 letter in which it was first raised was written more than 45 days after December 4, 1999. Moreover, to the extent that item 3 can be read to re-raise Miller's argument that a new violation

---

concluded that this did not establish the existence of an amended complaint for several reasons. First, and most obviously, Miller never argued that there had been an amended complaint, only that subsequent acts were "reasonably related" to the claims in his sole EEOC Complaint, the March 30, 2000 Complaint. Miller therefore mentioned neither this April 2, 2003 letter nor the newly alleged March of 2002 letter to Sprigs anywhere in his brief or at oral argument. Second, the April 2, 2003 letter is hearsay as to whether or not Miller actually attempted to contact Spriggs to amend his complaint and therefore cannot give rise to a genuine factual dispute on summary judgment, even had Miller attempted to rely on it below. See Fed. R. Civ. P. 56(e); ABB Indus. Sys., Inc. v. Prime Tech., Inc., 120 F.3d 351, 357 (2d Cir. 1997). Accordingly, Miller failed to raise a genuine factual issue regarding the existence of an amended EEOC Complaint (or its contents) in opposition to DOI's motion.

occurred each time he received a paycheck with an improper deduction, the Court remains convinced that this argument lacks merit in light of the Supreme Court's decision in Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162 (2007). Accordingly, item 3 does not state a basis for reconsideration.

In item 5, Miller lays out a variety of facts that did not appear in the record in this case regarding his operation of certain motor vehicles and the compensation he should have received while doing so. As was explained in connection with item 4, above, these facts, which were in Miller's possession at all relevant times, do not provide the basis for 60(b) relief. Moreover, even if these facts are properly presented to the Court, they are irrelevant, because they are immaterial with respect to the Court's basis for rejecting the claim to which they relate–the DOI's failure to adjust Miller's pay grade when he operated a motor vehicle. The Court rejected that claim because Miller did not include it in his EEOC Complaint and because it did not "reasonably relate" to the timely claims contained therein. Accordingly, the claim was held to be unexhausted. The facts Miller now presents go to the underlying merits of the claim rather than his failure to exhaust it. Because Miller has provided no viable argument that this claim was either in his administrative complaint or was reasonably related to any of the timely claims contained therein, item 5 does not state any basis for reconsideration.

In item 6, Miller reasserts that Bolling's failure to accept his discrimination complaint and her subsequent breach of confidentiality by disclosing the fact that Miller had filed the complaint to Dorothy Roebuck violated his Title VII rights. Here, Miller has merely repeated an argument the court has already considered and rejected, and therefore has not provided a basis for Rule 60(b) relief. Similarly, in item 8, Miller argues that he did exhaust his administrative

remedies. As the Court concluded in the 3/31/08 Order, only the two timely claims found in his EEO Complaint and any subsequent retaliation claims were administratively exhausted. Again, Miller has simply repeated arguments already presented to the Court and has therefore not presented a viable basis for Rule 60(b) relief. Finally, item 9 seems to state an entirely new claim which was never pursued in this lawsuit, and therefore is far outside the scope of Rule 60(b).

II.     Conclusion

For the foregoing reasons, Miller's Motion for Reconsideration is DENIED.


SO ORDERED
Dated: Brooklyn, New York
       April 28, 2008


                                                        Carol Bagley Amon
                                                        United States District Judge